IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

EMERSON PAVILUS

*Defendant.*

Criminal Action
No. 21-CR-428 (SB)

Jordann R. Conaboy, Mark J. Pesce, Mark J. McCarren, OFFICE OF THE UNITED STATES ATTORNEY, DISTRICT OF NEW JERSEY, Newark, New Jersey

*Counsel for the United States.*

A. Paul Condon, PAUL CONDON, ESQ., Jersey City, New Jersey

*Counsel for Defendant.*

### MEMORANDUM OPINION

October 24, 2024

BIBAS, *Circuit Judge*, sitting by designation.

A jury convicted Emerson Pavilus of conspiring to possess marijuana with intent to distribute, conspiring to defraud the United States, and taking bribes. D.I. 80. He now asks for a new trial and for judgment of acquittal. I deny both motions.

First, Pavilus argues that his trial was tainted by co-conspirator statements that I admitted. D.I. 93 at 2–3. He says that at the close of evidence, to admit the statements, I had to state explicitly that there was a conspiracy. D.I. 93 at 2. Not so.

1

District courts need not explicitly find that a conspiracy existed; "the court's decision to send the case to the jury" implies that it made that finding. *United States v. Cruz*, 910 F.2d 1072, 1081 n.11 (3d Cir. 1990) (internal quotation marks omitted).

At the pretrial conference, I conditionally admitted the co-conspirator statements over Pavilus's objection. D.I. 71 at 22–23 (tr. 22:20–23:3). I told Pavilus's attorney that he could "come back to me at the end of trial" to ask to exclude the evidence if no conspiracy existed. *Id.* at 22 (tr. 22:20–22, 23:4–20). He agreed. *Id.* (tr. 22:23). At trial, Pavilus objected again. D.I. 88 at 158 (tr. 331:7–8). But I reiterated that the statements were admissible unless I later found as a matter of law that there was not enough evidence to prove a conspiracy existed. *Id.* at 161 (tr. 334:8–17). And I issued a limiting instruction to the jury that the evidence would be admissible for its truth only if the government could prove that there was a conspiracy. *Id.* at 161–62 (tr. 335:13–17). Pavilus never came back to me to object to the conditional admission. Contrary to his argument that he and Flo talked only casually, the government introduced plenty of evidence of a conspiracy among Flo, Pavilus, and Bazile. D.I. 94 at 2–3. So I deny the motion for a new trial.

Second, Pavilus again asks me to enter judgment of acquittal. But he offers no new evidence, and there is enough evidence for a rational trier of fact to have convicted him. *United States v. Helbling*, 209 F.3d 226, 238 (3d Cir. 2000). So I deny that motion too. D.I. 89 at 130 (tr. 602:6–9).